# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| WAYNE ISLER, JR AND SHAWNY APRIL ISLER )<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>USPG FRANKLIN, LLC, USPG PORTFOLIO TWO, LLC AND HOBBY LOBBY STORES, INC. )<br>)<br>**Defendants.** )<br>) | C.A. #: 7:18-cv-03446-BHH<br><br>**AMENDED COMPLAINT** |

Plaintiffs, Wayne Isler, Jr. and Shawny April Isler by and through their undersigned counsel, would respectfully show to this Honorable Court the following:

1. The parties hereto, subject matter hereof, and all matters and things hereinafter alleged are within the jurisdiction of this Honorable Court.

2. Plaintiff Wayne Isler, Jr. (hereinafter "Plaintiff Mr. Isler") and Plaintiff Shawny April Isler (hereinafter "Plaintiff Ms. Isler") are and were at all times hereinafter mentioned citizens and residents of the County of Spartanburg, State of South Carolina.

3. Upon information and belief, USPG Franklin, LLC., (hereinafter "Defendant USPG") was at all times hereinafter mentioned and still is a limited liability company organized in the State of Delaware and is authorized to do business in the State of South Carolina. Defendant USPG is subject to the jurisdiction of this Court pursuant to S.C. Code Ann. Sections 36-2-803(A)(1), (2), (3), (5), (7) and (8), as will more fully appear hereinafter.

4. Upon information and belief, Defendant USPG Portfolio Two, LLC (hereinafter "Defendant USPG Two") was at all times hereinafter mentioned and still is a limited liability

company organized in the State of Delaware and is authorized to do business in the State of South Carolina. Defendant USPG is subject to the jurisdiction of this Court pursuant to S.C. Code Ann. Sections 36-2-803(A)(1), (2), (3), (5), (7) and (8), as will more fully appear hereinafter.

5.    Upon information and belief, Defendant Hobby Lobby Stores, Inc., (hereinafter "Defendant Hobby Lobby") was at all times hereinafter mentioned and still is a corporation organized in the State of Oklahoma and is authorized to do business in the State of South Carolina. Defendant Hobby Lobby is subject to the jurisdiction of this Court pursuant to S.C. Code Ann. Sections 36-2-803(A)(1), (2), (3), (5), (7) and (8), as will more fully appear hereinafter.

6.    On or about January 15, 2016, Defendant USPG Two was and is currently the property manager for Franklin Square located at 104-108 Franklin Avenue in the City of Spartanburg, County of Spartanburg, State of South Carolina.

7.    On or about January 15, 2016, Defendant USPG was the owner of the Franklin Square located at 104-108 Franklin Avenue in the City of Spartanburg, County of Spartanburg, State of South Carolina.

8.    On or about January 15, 2016, Defendant Hobby Lobby operated a retail store in Franklin Square located at 108 Franklin Avenue in the City of Spartanburg, County of Spartanburg, State of South Carolina.

9.    On or about January 15, 2016, Plaintiff Mr. Isler was an invitee pushing a shopping cart in the Defendant Hobby Lobby store located at 108 Franklin Avenue in the City of Spartanburg, County of Spartanburg, State of South Carolina when he slipped on an accumulation of water on the floor causing him to fall to the ground and suffer injuries and damages as described herein.

## **FOR A FIRST CAUSE OF ACTION**
## **NEGLIGENCE AS TO**
## **DEFENDANT USPG**

10. Plaintiffs incorporate herein by reference each and every allegation set forth hereinabove as if repeated verbatim.

11. That the injuries sustained by Plaintiff Mr. Isler were due to and caused by and were in the direct and proximate result of one or more of the following acts of negligence, carelessness, recklessness and gross negligence of Defendant USPG, its agents and servants, as fully alleged below:

    a. In failing to properly maintain and repair the common flow areas of the store;

    b. In failing and omitting to properly inspect the common flow areas of the store;

    c. In failing and omitting to warn Plaintiff of the hazards on the floor of the common flow areas of the store;

    d. In failing and omitting to exercise that degree of care and caution that an ordinary and prudent person would have used under like conditions and circumstances then and there existing;

    e. In permitting a dangerous and defective hazard in the common flow areas of the establishment, when it knew, or through the exercise of reasonable care, should have known, they were dangerous;

    f. In failing to remove the water from the floor; and;

    g. In failing to correct a water leak that caused an accumulation of water on the floor of the store and;

    h. In otherwise being careless, negligent and reckless.

All of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff Mr. Isler, said acts being in violation of the statutory laws of South Carolina and the dictates of ordinary prudence.

12. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and gross negligence of Defendant USPG, Plaintiff Mr. Isler suffered and, in the future, will suffer from:

    a. personal injury;

    b. pain and suffering the past, present, and future;

    c. mental anguish;

    d. loss of enjoyment of life in the past, present, and future;

    e. past medical expenses;

    f. medical expenses in the future;

    g. permanent impairment;

    h. aggravation of prior physical, mental, and emotional issues;

    i. loss of wages and earnings;

    j. punitive damages;

    k. and as to Plaintiff Ms. Isler, loss of consortium and society of her spouse.

For which Plaintiffs Mr. Isler and Ms. Isler are entitled to recover an amount of actual, punitive, special and consequential damages to be determined by a jury at the trial of this action.

### FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE AS TO
### DEFENDANT USPG TWO

13. Plaintiffs incorporate herein by reference each and every allegation set forth hereinabove as if repeated verbatim.

14. That the injuries sustained by Plaintiff Mr. Isler were due to and caused by and were in the direct and proximate result of one or more of the following acts of negligence,

carelessness, recklessness and gross negligence of Defendant USPG Two, its agents and servants, as fully alleged below:

    a.    In failing to properly maintain and repair the common flow areas of the store;

    b.    In failing and omitting to properly inspect the common flow areas of the store;

    c.    In failing and omitting to warn Plaintiff of the hazards on the floor of the common flow areas of the store;

    d.    In failing and omitting to exercise that degree of care and caution that an ordinary and prudent person would have used under like conditions and circumstances then and there existing;

    e.    In permitting a dangerous and defective hazard in the common flow areas of the establishment, when it knew, or through the exercise of reasonable care, should have known, they were dangerous;

    f.    In failing to remove the water from the floor; and;

    g.    In failing to correct a water leak that caused an accumulation of water on the floor of the store and;

    h.    In otherwise being careless, negligent and reckless.

All of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff Mr. Isler, said acts being in violation of the statutory laws of South Carolina and the dictates of ordinary prudence.

15.    As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and gross negligence of Defendant USPG Two, Plaintiff Mr. Isler suffered and in the future will suffer from:

    a.  personal injury;

    b.  pain and suffering the past, present, and future;

    c.  mental anguish;

    d.  loss of enjoyment of life in the past, present, and future;

    e.  past medical expenses;

    f.  medical expenses in the future;

    g.  permanent impairment;

    h.  aggravation of prior physical, mental, and emotional issues;

    i.  loss of wages and earnings;

    j.  punitive damages;

    k.  and as to Plaintiff Ms. Isler, loss of consortium and society of her spouse.

For which Plaintiffs Mr. Isler and Ms. Isler are entitled to recover an amount of actual, punitive, special and consequential damages to be determined by a jury at the trial of this action.

## FOR A THIRD CAUSE OF ACTION
## NEGLIGENCE AS TO
## DEFENDANT HOBBY LOBBY

16.    Plaintiffs incorporate herein by reference each and every allegation set forth hereinabove as if repeated verbatim.

17.    That the injuries sustained by Plaintiff Mr. Isler were due to and caused by and were in the direct and proximate result of one or more of the following acts of negligence, carelessness, recklessness and gross negligence of Defendant Hobby Lobby, its agents and servants, as fully alleged below:

    a.  In failing to properly maintain and repair the common flow areas of the store;

    b.  In failing and omitting to properly inspect the common flow areas of the store;

    c.  In failing and omitting to warn Plaintiff of the hazards on the floor of the common flow areas of the store;

  d.  In failing and omitting to exercise that degree of care and caution that an ordinary and prudent person would have used under like conditions and circumstances then and there existing;

  e.  In permitting a dangerous and defective hazard in the common flow areas of the establishment, when it knew, or through the exercise of reasonable care, should have known, they were dangerous;

  f.  In failing to remove the water from the floor; and;

  g.  In failing to correct a water leak that caused an accumulation of water on the floor of the store and;

  h.  In otherwise being careless, negligent and reckless.

All of which were the direct and proximate cause of the injuries and damages suffered by the Plaintiff Mr. Isler, said acts being in violation of the statutory laws of South Carolina and the dictates of ordinary prudence.

18. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and gross negligence of Defendant Hobby Lobby, Plaintiff Mr. Isler suffered and, in the future, will suffer from:

  a. personal injury;

  b. pain and suffering the past, present, and future;

  c. mental anguish;

  d. loss of enjoyment of life in the past, present, and future;

  e. past medical expenses;

  f. medical expenses in the future;

  g. permanent impairment;

  h. aggravation of prior physical, mental, and emotional issues;

  i. loss of wages and earnings;

  j. punitive damages;

      k. and as to Plaintiff Ms. Isler, loss of consortium and society of her spouse.

For which Plaintiffs Mr. Isler and Ms. Isler are entitled to recover an amount of actual, punitive, special and consequential damages to be determined by a jury at the trial of this action.

### FOR A FOURTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

19. Plaintiffs incorporate herein by reference each and every allegation set forth hereinabove as if repeated verbatim.

20. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and gross negligence of the defendants above named, Plaintiff Ms. Isler, individually and as the wife of Defendant Ms. Isler has suffered loss of consortium, loss of society and loss of marital relationship with her husband, Mr. Isler

**WHEREFORE,** Plaintiffs Mr. Isler and Ms. Isler pray for judgment against Defendants jointly and severally for actual and punitive damages in an appropriate amount, for the cost of this action, and for such other and further relief as the Court may deem just and proper as to Plaintiff Mr. Isler, and for actual damages in an appropriate amount, for loss of consortium, for the cost of this action, and for such other relief as the Court may deem just and proper as to Plaintiff Ms. Isler.

**HARRISON|WHITE, P.C.**

By:     /s/ Thomas A. Killoren, Jr.
THOMAS A. KILLOREN, JR.
Federal I.D. #:  7721
tom@spartanlaw.com
P.O. Box 3547
Spartanburg, SC 29304
(864) 585-5100 (Voice)
(864) 542-2993 (Fax)

*Attorney for Plaintiffs*

March 27, 2019

8